IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-344-FL

| | |
|---|---|
| BENJAMIN C. LOCKE | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NORTH CAROLINA STATE UNIVERSITY; and ROBERT M MURPHY JR, in his official and individual capacities; | ) |
| Defendants. | ) |

This matter comes before the court on plaintiff's motion to certify an interlocutory appeal of a portion of the court's September 11, 2023, order dismissing then-defendant North Carolina State University ("NCSU") from this case. The issues raised are ripe for ruling notwithstanding that defendant Robert M. Murphy, Jr. ("Murphy") and former defendant NCSU have not communicated their positions to the court. For the following reasons, the motion is granted.

### STANDARD OF REVIEW

For a party to appeal an interlocutory determination, the district court must state in writing its opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This provision "should be used sparingly and . . . its requirements must be strictly construed." United States ex rel. Michaels v. Agape Senior Community, Inc., 848 F.3d 330, 340 (4th Cir. 2017).

1

**COURT'S DISCUSSION**

The order that plaintiff seeks to appeal holds that an allegation of grooming behavior, without more, does not constitute actual notice of "an incident of sexual harassment" as required to hold an educational institution liable under Title IX. (DE 44 at 9).[1]

In crafting its order, the court relied in part on Baynard v. Malone, in which the United States Court of Appeals for the Fourth Circuit held that numerous allegations do not support a finding of notice unless a responsible individual "was *in fact* aware that a student was being abused." 268 F.3d 228, 238 (4th Cir. 2001) (emphasis in original). While this court errs on the side of giving effect to all parts of a Fourth Circuit opinion, reasonable jurists could consider this statement dicta where the Baynard court afforded greater attention to the question of supervisory responsibility than to the question of notice. In addition, the question of whether "grooming" is sexual harassment for Title IX purposes is a question of first impression in this circuit. The appeal thus involves a question "as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The appeal also presents a pure question of law, reviewed de novo, which the Court of Appeals will not have "to delve beyond the surface of the record" to decide. Michaels, 848 F.3d at 341. The challenged order deals with a motion to dismiss, and factual allegations are accepted as true. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Second, an immediate appeal from the court's order will advance the ultimate termination of the litigation. Where all claims against defendant NCSU in this matter have been dismissed, delaying appeal until claims against defendant Murphy have been resolved is not in the interest of judicial economy. Where a related case presenting the same legal issues is already before the

---

[1] This is the only holding on which the court certifies a judgment for appeal. Plaintiff does not pursue, and may not obtain, interlocutory appeal for its intentional tort and negligent training and supervision claims against defendant NCSU where the court's order dismissing those claims applies settled law.

2

United States Court of Appeals for the Fourth Circuit, that court's simultaneous consideration of all relevant arguments in all related cases will further the interests of judicial economy and sound decisionmaking in this complex area of law. See Notice of Appeal at 1, John Doe 2 v. North Carolina State University, No. 23-2073 (5:23-cv-216-FL).

Based on the foregoing, plaintiff's motion to certify this case for appeal is GRANTED. Plaintiff shall file his notice of appeal within seven days of entry of this order.

SO ORDERED, this the 25th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge