UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-344-FL

| | |
|---|---|
| BENJAMIN LOCKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT M. MURPHY, JR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the following motions:

1. Plaintiff's Motion to Compel Initial Disclosures and Discovery Responses and Motion for Sanctions [DE #58];

2. Plaintiff's Motion for Entry of Default [DE #72]; and

3. Plaintiff's Motion to Strike [DE #73].

Defendant has responded in opposition to each of Plaintiff's motions, and the motions are ripe for decision.

## BACKGROUND

Plaintiff, a former student athlete at North Carolina State University ("NCSU"), filed this action on August 30, 2022, asserting claims arising out of alleged sexual abuse by NCSU's Director of Sports Medicine, Robert M. Murphy, Jr. ("Murphy"). Plaintiff's claims against NCSU, its chancellor, and other NCSU employees have previously been dismissed. (9/11/23 Order [DE #44] (dismissing claims against NCSU); Notice Vol. Dismissal [DE #41] (dismissing claims against

chancellor and employees).) Thus, remaining before the court are Plaintiff's negligence claims against Murphy in his individual capacity.[1]

## DISCUSSION

I. Motion to Compel [DE #58]

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move for an order compelling discovery. Before doing so, however, the party must make a good faith effort to resolve the discovery dispute, and the party must certify it has done so in its motion. Fed. R. Civ. P. 37(a)(1). The local rules of this court similarly require that a party "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c)(2) (E.D.N.C. May 2023). The purpose of this requirement is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention. "Meet and confer requirements are not satisfied by requesting or demanding compliance with the requests for discovery" or by "mailing, faxing, or emailing a letter or other communication to opposing counsel." *Merz N. Am., Inc. v Cytophil*, Nos. 5:15-CV-262-H-KS, 5:16-CV-745-H-KS, 2017 WL 4274856, at *2 (E.D.N.C. Sept. 26, 2017) (internal quotation marks omitted) (quoting *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-2662-JAR-DJW, 2011 WL 5825423, at *1 (D. Kan. Nov. 17, 2011)). Rather, it is expected that the parties "*converse, confer, compare views, consult and*

---

[1] Plaintiff also asserted official capacity claims against Murphy for invasion of privacy, battery, and negligence. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" for which the individual is alleged to have acted, and not the individual personally, "for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Consequently, these claims were dismissed as a result of the court's dismissal of all claims against NCSU.

2

*deliberate*, or in good faith attempt to do so." *Id.* "[T]he court will deny a movant's motion to compel if 'the filing of the motion deprived the parties of a meaningful opportunity to resolve their dispute without court intervention.'" *Futreal v. Ringle*, No. 7:18-CV-29-FL, 2019 WL 137587, at *2 (E.D.N.C. Jan. 8, 2019) (quoting *Velasquez-Monterrosa v. Mi Casita Rests.*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *4 (E.D.N.C. May 1, 2015)).

Plaintiff's motion to compel contains a certification that he "in good faith conferred or attempted to confer with Defendant in an effort to obtain the . . . discovery responses without court action." (Mot. Compel at 6.) However, he does not provide any details of counsel's good faith efforts,[2] and Defendant disputes that Plaintiff's counsel made a good faith effort to resolve the matter prior to filing the motion to compel. (Def.'s Resp. Mot. Compel [DE #68] at 3.) Moreover, it does not appear that Plaintiff complied with the court's directive that the parties request an informal discovery conference with the court prior to filing any disputed discovery motion. (Case Mgmt. Order [DE #51] § B(4) ("Before filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference.").) Defendant's response indicates that discovery has been provided since the filing of Plaintiff's motion and that counsel for the parties have

---

[2] As noted in *Coleman ex rel. N.C. v. Wake Cnty. Bd. Educ.*, No. 5:17-CV-295-FL, 2019 WL 2932740, at *2 (E.D.N.C. July 8, 2019), "[i]n most cases, in addition to expressly asserting a good-faith conferral attempt in the motion, the moving party provides copies of communications between the parties as proof of a good-faith effort to resolve discovery issues."

engaged in productive follow-up discussions about discovery. (Def.'s Resp. Mot. Compel at 3–4.) Accordingly, Plaintiff's motion to compel is denied without prejudice.

## II. Motion for Entry of Default [DE #72]

By motion filed May 9, 2024, Plaintiff moves for entry of default pursuant to Fed. R. Civ. P. 55(a).[3] Default may be entered pursuant to Rule 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Murphy filed a Rule 12 motion to dismiss Plaintiff's complaint on November 29, 2022 (Mot. Dismiss [DE #31]) and timely filed an answer to Plaintiff's complaint on September 25, 2023 (Answer [DE #46]). Plaintiff has not demonstrated that Murphy is in default, and his motion for entry of default is therefore denied.

## III. Motion to Strike [DE #73]

In his motion to strike, filed May 9, 2024, Plaintiff complains of Defendant's "lack of diligence and chronic non-compliance with the Federal Rules of Civil Procedure, the Local Civil Rules, the December 5, 2023 Case Management Order, and the February 20, 2024 discovery order." (Pl.'s Mot. Strike [DE #73] at 4.) Plaintiff

---

[3] Plaintiff's motion also references Rule 37(a)(2). (Mot. Entry Default at 1.) This portion of Rule 37 identifies the appropriate court for filing a motion to compel. It may be that Plaintiff intended to cite Rule 37(b)(2), which authorizes a court to impose sanctions, including default judgment, against a party that has "fail[ed] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(vi). However, it is not clear that such a severe sanction is appropriate here, and Plaintiff has not submitted a supporting memorandum as required by Local Civil Rule 7.1(e) demonstrating that he is entitled to such relief.

asks the court to strike Defendant's response to Plaintiff's motion to compel, including its exhibits, and Defendant's Rule 26(a) disclosures, which Defendant filed.[4]

With respect to this motion, Plaintiff's counsel certified that she "attempted contact with [Defendant's] counsel by letters, emails, and phone in [her] good faith efforts to resolve the . . . discovery issues." (Pl.'s Mot. Strike at 9.) She has not provided any further details of her good faith attempts to confer with Defendant's counsel. Nor does she appear to have requested, in accordance with the Case Management Order, a discovery conference with the court prior to filing the motion to strike. (*See* Case Mgmt. Order § B(4).) Accordingly, Plaintiff's motion to strike is denied without prejudice.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Plaintiff's Motion to Compel Initial Disclosures and Discovery Responses and Motion for Sanctions [DE #58] is DENIED WITHOUT PREJUDICE;

2. Plaintiff's Motion for Entry of Default [DE #72] is DENIED; and

3. Plaintiff's Motion to Strike [DE #73] is DENIED WITHOUT PREJUDICE.

This 28th day of October 2024.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge

---

[4] This court's local rules provide that Rule 26 disclosures and other discovery materials "are not to be filed unless by order of the court or for use in the proceedings." Local Civil Rule 26.1(a). Defendant filed his Rule 26(a) disclosures on April 24, 2024, after Plaintiff had moved to compel the Rule 26(a) disclosures.